Russell A. Nevers (13940)
FREEMAN LOVELL, PLLC
4568 S Highland Drive, Suite 290
Salt Lake City, Utah 84117
Telephone: 385-355-4826
Email: russ@freemanlovell.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| MATHEW CLYDE, an individual, | **COMPLAINT** |
| Plaintiff, | (JURY DEMANDED) |
| v. | |
| MY BUDDY THE PLUMBER, HEATING AND AIR, LLC, a Utah limited liability company; and G&A PARTNERS – UTAH, LLC, a Delaware limited liability company; BRANDON DUNCAN, an individual; and DOES 1-10, | Case No.: |
| | Judge: |
| Defendants. | |

Plaintiff Mathew Clyde ("Clyde"), by and through his undersigned counsel, brings this Complaint against Defendants My Buddy the Plumber, Heating and Air, LLC, G&A Partners – Utah, LLC, Brandon Duncan, and Does 1-10 (collectively, "Defendants") and hereby complains and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Clyde is an individual residing in Salt Lake County, State of Utah, and at all times relevant to this action was an "employee" of Defendant, as defined in the Fair Labor Standards Act (the "FLSA") (29 U.S.C. § 203(e)).

2. Defendant My Buddy the Plumber, Heating and Air, LLC is a Utah limited liability company, with its principal place of business in Salt Lake County, State of Utah, and at all times relevant herein, was Clyde's "employer," as defined in the FLSA, 29 U.S.C. § 203(d).

3. Defendant G&A Partners – Utah, LLC is a Delaware limited liability company, with its principal place of business in Salt Lake County, State of Utah, and at all times relevant herein, was Clyde's "employer," as defined in the FLSA, 29 U.S.C. § 203(d).

4. Defendant Brandon Duncan ("Duncan") is an individual who, upon information and belief, resides in Salt Lake County, Utah, and at all times relevant herein, was Clyde's "employer," as defined in the FLSA, 29 U.S.C. § 203(d).

5. Does 1-10 are, upon information and belief, individuals or entities that may bear responsibility for the actions described herein and the damages incurred by Clyde but whose identities are presently unknown to Clyde. Clyde will amend this Complaint to individually and specifically name the Doe Defendants upon discovering their identities and their respective roles in the actions described herein.

6. All acts and omissions giving rise to the above-captioned action occurred within the State of Utah.

7. Defendant is an employer engaged in commerce and/or the production of goods for commerce, as those phrases are defined and used in the FLSA.

8. At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with and for Defendants.

9. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b).

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as the acts and omissions giving rise to this action occurred in the State of Utah.

## GENERAL ALLEGATIONS

11. Clyde was employed by Defendants between November 2016 and April 2019 as a non-exempt service technician and was paid primarily on a commission basis.

12. At all times relevant hereto, Clyde was directly supervised by Duncan in the performance of his duties.

13. Throughout his employment with Defendants, Clyde's duties included various manual tasks, including performing service calls, managing HVAC install and service technicians, installing ductwork, handling customer complaints, performing warranty services, drywall repair, attending service training held by vendors, and attending and sometimes conducting weekly HVAC meetings.

14. During his employment by Defendants, Clyde regularly worked more than 40 hours per workweek.

15. During the weeks that he worked more than 40 hours per workweek, Clyde did not receive overtime pay as required by the FLSA.

16. During some weeks, Clyde did not receive minimum wage.

17. Defendants also failed to pay Clyde any wages for several jobs he completed as an employee.

18. In addition to failing to pay Clyde all his required wages, Defendants also withheld or diverted Clyde's wages by, among other things, (i) charging him for fuel that had been purchased for the Company's truck driven by Clyde, (ii) charging him for fuel that had been purchased for the Company's trucks driven by various other employees, (iii) deducting $235.00 from the gross revenue of each job sold by Clyde to offset the cost of the customer's Club Membership, (iv) randomly deducting amounts from Clyde's wages without explanation or documentation, (v) failing to credit materials and equipment returned to vendors on jobs Clyde sold, and (vi) deducting 40% of net losses from Clyde's wages

19. Clyde's unpaid overtime wages amount to no less than $152,172.46.

20. Clyde's unpaid minimum wages amount to no less than $2,958.67.

21. Wages for jobs Clyde was never paid amount to no less than $11,523.61.

22. Wages withheld or diverted from Clyde amount to no less than $50,000.00.

23. During Clyde's employment, Defendants failed to maintain accurate, contemporaneous, and detailed records of the hours worked by Clyde.

24. Despite a formal, written demand, Defendant has failed and refused to remit the required overtime payment.

### FIRST CAUSE OF ACTION
**(Unpaid Wages – Violation of the Fair Labor Standards Act – 29 U.S.C. § 216)**

25. The preceding paragraphs are incorporated by reference as if fully set forth herein.

26. At all relevant times herein, each Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.

27. Defendants engage in interstate commerce for purposes of the FLSA and have experienced annual gross sales in excess of $500,000 at all times relevant to this action.

28. At all relevant times herein, Defendants were and are responsible for paying wages to Clyde.

29. At all times relevant herein, Clyde was employed by Defendants as an "employee" within the meaning of the FLSA.

30. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his regular rate of pay for each hour worked in excess of 40 hours per workweek.

31. Based on the nature of his job duties, Clyde was a non-exempt employee and was therefore entitled to overtime wages of one and one-half times his regular hourly rate for each hour worked in excess of 40 hours in a workweek.

32. Between November 2016 and April 2019, Clyde worked more than 40 hours per workweek on multiple occasions and was entitled to overtime compensation.

33. Clyde was never paid such overtime wages, in violation of the FLSA.

34. Between November 2016 and April 2019, Clyde was entitled to receive at least Utah's minimum wage.

35. During certain pay periods, Clyde did not receive the required minimum wage, in violation of the FLSA.

36. Between November 2016 and April 2019, Clyde was entitled to receive wages for all work completed for Defendants.

37. Clyde did not receive all wages earned as an employee of Defendants.

38. Between November 2016 and April 2019, Clyde was entitled to receive wages without it being unlawfully withheld or diverted.

39. Defendants unlawfully withheld or diverted wages from Clyde.

40. Clyde has been damaged by Defendants' failure to compensate him for regular wages, overtime wages, and minimum wage without any being unlawfully withheld or diverted earned during his employment.

41. Defendants owe Clyde all unpaid wages he earned plus an equal amount as liquidated damages mandated by the FLSA.

42. As a result of Defendants' violations of the FLSA, Clyde is entitled to recover all reasonable attorneys' fees and costs in bringing this action.

43. As a result of Defendants' intentional and willful violations of the FLSA, Clyde is entitled to awards of pre-judgment interest, post-judgment interest, punitive damages and all other relief afforded under the provisions of the FLSA, including an extension of any applicable statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Clyde prays that this Court:

1. Enter judgment in favor of Clyde for unpaid overtime wages in an amount to be proven at trial but no less than $152,172.46;

2. Enter judgment in favor of Clyde for unpaid minimum wages in an amount to be proven at trial but no less than $2,958.67;

3. Enter judgment in favor of Clyde for unpaid regular wages in an amount to be proven at trial but no less than $11,523.61;

4. Enter judgment in favor of Clyde for wages withheld or diverted in an amount to be proven at trial but no less than $50,000.00;

5. Enter judgment in favor of Clyde for liquidated damages in an amount equal to the aggregate underpayment of overtime wages in an amount to be proven at trial but no less than $216,654.74;

6. Enter judgment in favor of Clyde, ordering reimbursement for all costs and expenses incurred in bringing and prosecuting this action, including reasonable attorneys' fees and costs;

7. Enter judgment in favor of Clyde for compensatory and punitive damages in an amount to be proven at trial;

8. Enter a judgment awarding pre- and post-judgment interest on all unpaid overtime wages;

9. Award such other relief as the Court deems just and equitable.

DATED this 15th day of October 2019.

FREEMAN LOVELL, PLLC

*/s/ Russell A. Nevers*
Russell A. Nevers
*Attorney for Plaintiff*