IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATHEW CLYDE, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>MY BUDDY THE PLUMBER, HEATING AND AIR, LLC, a Utah limited liability company; and G&A PARTNERS - UTAH, LLC, a Delaware limited liability company; BRANDON DUNCAN, an individual; and DOES 1-10,<br><br>                    Defendants. | **REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD ADDITIONAL PARTIES**<br><br>Case No. 2:19-cv-00756-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Mathew Clyde's (Clyde or Plaintiff) Motion for Leave to Amend Complaint to Add Additional Parties (Motion) (ECF 28). Defendant G&A Partners-Utah, LLC (G&A) opposes the Motion (ECF 37). Defendants My Buddy the Plumber Heating and Air, LLC (My Buddy) and Brandon Duncan (Duncan) also oppose the Motion by incorporating by reference, pursuant to DUCivR 7-1(a)(4), G&A's facts and arguments (ECF 44). G&A, My Buddy and Duncan are collectively referenced herein as Defendants. Pursuant to Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the Motion based on the written memoranda. After careful review of the memoranda submitted by the parties, relevant law, for the reasons discussed herein, the court recommends the Motion be DENIED.

## I. BACKGROUND

In his Motion, citing Federal Rules of Civil Procedure 15, 16, 19 and 21, Plaintiff seeks leave add three defendants in this matter—G&A Partners, Core Benefit Solutions-108, and Core Innovative Solutions LLC (Additional G&A Defendants) (ECF 28). In addition to arguing amendment would be futile, Defendants argue permitting amendment would be prejudicial to the Additional G&A Defendants and that the Motion is untimely (ECF 37 and 44).

The Complaint in this matter was initially filed on October 15, 2019 (ECF 2). The scheduling order provided March 6, 2020, as the deadline to amend pleadings and add parties and June 26, 2020, as the fact discovery deadline (ECF 18 and 36). On February 19, 2020, Plaintiff was put on notice of a potential joint or co-employer of Plaintiff when Duncan and My Buddy produced an employment agreement with Plaintiff which identified the Additional G&A Defendants as a possible co-employer (ECF 28 ¶¶ 3-5). G&A's discovery, which was produced around February 14, 2020, did not contain the employment agreement and G&A asserted on multiple occasions that it was not Plaintiff's employer (ECF 28 ¶¶ 7-9). Concerned with this discrepancy, starting April 13, 2020 to approximately May of 2020, the parties engaged in supplemental discovery while Plaintiff attempted to obtain clarification on the joint employer issue by exchanging emails/communications where Plaintiff requested additional information from G&A (ECF 28 ¶¶ 10-16). On May 22, 2020, Plaintiff, still unclear as to why G&A was claiming it was not a co-employer, expressed a need to "amend the Complaint to ensure that the correct G&A Partners entities were named as parties to the case" (ECF 28-5 ¶ 5). Deposition discovery then began in June where Plaintiff made further inquiries into the joint employer issue and on June 24, 2020, Plaintiff made a formal request for Defendant to stipulate to the addition of the Additional G&A Defendants (ECF 28 ¶ 23 and 28-9). That request was denied on July 1,

2020 (ECF 28-9).  On July 19, 2020, the present Motion was filed.

## II.  LEGAL STANDARDS

The deadline to amend pleadings in this matter was March 6, 2020 (ECF 36).  The request to amend did not come until July 19, 2020, over four months after the March 6 amendment deadline.  "A party seeking leave to amend after a scheduling order deadline must satisfy both the Rule 16(b) and Rule 15(a) standards."  *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) (citing *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  However, where, as here, the motion to extend time is "made after the time has expired," the moving party must also show it "failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).

> In determining whether the movant has demonstrated excusable neglect,
>
> the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith"

*Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. Jan. 10, 1997) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).  "Control over the circumstances of the delay is 'the most important single . . . factor . . . in determining whether neglect is excusable.'"  *Id.* (omissions in original) (quoting *City of Chanute,*

*Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

If Plaintiff satisfies the good cause standard and demonstrates excusable neglect, he must then satisfy the standard for amending pleadings under Federal Rule of Civil Procedure 15. *See Paterson v. SK5 Wolverine Crossing, LLC*, 2:16-cv-1264, 2018 WL 2023545, at *5 (D. Utah May 1, 2018). Under Rule 15, leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a). Courts have held that refusing leave to amend is rare and generally only justified upon a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West*, Inc., 3 F.3d 1357, 1365 (10 Cir. 1993).

Rule 19 provides the requirements for joining required parties. Fed. R. Civ. P. 19. If a required party is not already joined, then "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). Under Federal Rule of Civil Procedure 21 "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

### III. DISCUSSION

**A. Plaintiff fails to demonstrate good cause under Rule 16(b) for modification of the scheduling order.**

March 6, 2020 was the deadline to amend pleadings and add parties. Plaintiff argues that because the documents identifying the Additional G&A Defendants as co-employers were not produced until February 19, 2020, "little time was left for Plaintiff to review the produced documents and seek leave to amend" (ECF 28 at 7). The court disagrees. Plaintiff had two weeks to review and process the information. Much more concerning however, is that Plaintiff recognized in April 2020 the discrepancy in employer status, noted on May 22, 2020 that amendment may be appropriate, and then took no action to preserve the right to amend until the present Motion was filed in July. Plaintiff could have requested an extension from Defendants

and the court on or before July but failed to do so. While it is true that Plaintiff appears to have taken efforts to get clarification from Defendants on the co-employer issue and Defendants were exceptionally slow in providing a response or clarification, Plaintiff did not request an extension of time on the scheduling order. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Gallacher v. Falenla.com*, No. 2:18-cv-00945-DB-JCB, 2020 WL 4904081, at *2 (D. Utah Aug. 20, 2020) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)). Plaintiff has failed to show good cause to amend the scheduling order.

### B. Plaintiff fails to show excusable neglect.

Plaintiff fails to address the excusable neglect standard in his Motion. While it is unnecessary to address excusable neglect because good cause "requires a greater showing than excusable neglect" the court does so as an alternative ground to deny Plaintiff's Motion. *Gallacher*, 2020 WL 4904081, at *3 (internal citation omitted). The length of the delay and impact on judicial proceedings, the reason for the delay and the danger of prejudice to Defendants all weigh in favor of denying the Motion. Addressing delay, as discussed above, Plaintiff knew of the need to amend but failed to do so timely. On impact to the judiciary, this matter has two pending fully briefed motions for summary judgment (ECF 38 and 45). Allowing amendment would mean this matter would be reopened for discovery and cause further delay. Plaintiff suggests that diligence in trying to collect the outstanding information trumps the need to protect the actual deadline, but Plaintiff offers no authority for such a position. As early as May of 2020, Plaintiff expressed to Defendants that he understood he may need to amend pleadings and yet did not take any action until July. With respect to prejudice, Plaintiff argues that because Defendants contend that there is prejudice only to the Additional G&A Parties,

there is no prejudice. The court disagrees. Discovery in this matter closed June 26, 2020. Allowing amendment would necessarily require additional discovery which is prejudicial to all parties at this late stage in the case.

Because Plaintiff failed to meet the Rule 16(b)(4) standard, there is no need to consider whether Plaintiff met the requirement to amend under Rule 15(a). *Paterson*, 2018 WL 2023545, at *7. However, even if the court considered the Rule 15(a) analysis, as discussed above, Plaintiff's Motion fails as a result of the undue delay in bringing the Motion and as a result of the prejudice to all parties in having to reopen discovery at this late stage.

Based on the failure to demonstrate good cause, show excusable neglect, and the undue delay and prejudice under Rule 15(a), the court finds it unnecessary to address the futility argument.

### C. Plaintiff fails to demonstrate Rules 19 or 21 require the addition of the Additional G&A Defendants.

Plaintiff also argues Rules 19 and 21 require the court to add the Additional G&A Defendants as parties. Pursuant to Rule 19, joinder of a party may be required is if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). While Rule 21 provides parties may be dropped or added at any stage, the "grant or denial of a motion to bring in or a drop a party lies in the discretion of the judge." *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir. 1985) (quoting, 7 C. Wright & A. Miller Federal Practice and Procedure § 1688, at 342 (1982).

In his Reply Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint and Add Parties (Reply) (ECF 47), Plaintiff notes that Defendants failed to respond to his contention that Rules 19 and 21 require the addition of the Additional G&A Defendants and suggests the court deem the argument unopposed and grant Plaintiff the relief he seeks. The

court disagrees in that Defendants have opposed the relief Plaintiff seeks.

While Plaintiff argues the Additional G&A Defendants are necessary and indispensable parties pursuant to Rule 19, the court disagrees. Plaintiff asserts he cannot obtain complete relief without the Additional G&A Defendants. In his Motion, Plaintiff submits that G&A may ultimately argue that "G&A is not subject to liability because it is not specifically identified on Plaintiff's Employment Agreement and Form W-2s" (ECF 28). However, Plaintiff's Motion fails to articulate how failure to add the Additional G&A Defendants would preclude Plaintiff from obtaining complete relief from the other named defendants. In his Reply, Plaintiff again asserts that the court is required to join the Additional G&A Defendants "because Plaintiff cannot be afforded complete relief without them" but fails to explain why or how this is the case. It is not the court's obligation to make or flesh out Plaintiff's legal arguments and the court declines to do so here.

Regarding Rule 21, while Plaintiff fails to address how this rule is applicable where Plaintiff missed deadlines in the scheduling order and makes a tardy request to add parties, there is authority within the 10th Circuit that the "standard whether to grant a motion pursuant to Rule 21 is similar to the standard for a 'subsequent' amendment under Rule 15, where the amendment is opposed." *Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1316 (D. Kan. 2001). Given that this court has previously considered and rejected Plaintiff's request under Rule 15, and for the same reasons discussed in the court's Rule 16 analysis, the court finds undue delay and prejudice in Plaintiff's request to add the Additional G&A Defendants. Plaintiff received the discovery documents which informed Plaintiff of the potential joint or co-employers in February of 2020. Plaintiff did not file his Motion until July 2020, four months after the deadline to add parties and nearly five months after receipt of Plaintiff's Form W-2s and Employment Agreement. Granting

Plaintiff's request to add parties under the facts the court has articulated herein would render the scheduling order and court ordered deadlines meaningless.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends the court DENY Plaintiff's Motion for Leave to Amend Complaint to Add Additional Parties (ECF 28).

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 23 December 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah