FILED
2021 MAR 1 PM 12:16
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATHEW CLYDE,<br><br>    Plaintiff,<br><br>v.<br><br>MY BUDDY THE PLUMBER HEATING AND AIR, LLC; G&A PARTNERS – UTAH, LLC; BRANDON DUNCAN; and DOES 1–10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT G&A PARTNERS – UTAH LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00756-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is Defendant G&A Partners – Utah, LLC's ("G&A") Motion for Summary Judgment. ECF No. 38. The court entertained oral argument on the pending Motion on February 26, 2021. Having reviewed the memoranda and considered the oral arguments raised, the court grants G&A's Motion for Summary Judgment.

## BACKGROUND

This case arises out of Plaintiff Mathew Clyde's ("Clyde") claim of unpaid and withheld or diverted wages in violation of the Fair Labor Standards Act ("FLSA"). ECF No. 2. Clyde alleges that, at all relevant times, he was an "employee" within the meaning of the FLSA, and Defendants My Buddy the Plumber, Heating and Air, LLC ("My Buddy"); G&A; and Brandon Duncan (collectively, "Defendants") were all "employers" within the meaning of the FLSA. Clyde avers that Defendants, as his FLSA "employers," are responsible for his unpaid and withheld or diverted wages.

In its Motion for Summary Judgment, G&A argues that it is neither Clyde's "employer" nor his "joint employer" within the meaning of the FLSA, and thus it cannot be held responsible for Clyde's alleged unpaid and withheld or diverted wages. ECF No. 38.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (citation omitted). "At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). Rather, the court must "construe the evidence in the light most favorable to . . . the nonmoving party." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (citation omitted).

## DISCUSSION

I. **"Employer" and "Joint Employer" Under the Fair Labor Standards Act**

Under the FLSA, an "employee" is "any individual employed by an employer," and an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(e)(1), (d). The Supreme Court has determined that the FLSA's

definition of "employer" is "expansive[]" and includes individuals and organizations that have "substantial control of the terms and conditions of the work of . . . employees," as well as joint employers. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973); *see also* 29 C.F.R. § 791.2.

According to the Department of Labor regulations interpreting the FLSA, a person is a "joint employer" if that person "is acting directly or indirectly in the interest of the employer in relation to the employee." 29 C.F.R. § 791.2(a)(1). Factors to determine whether a person is a joint employer include whether that person: (1) "[h]ires or fires the employee;" (2) "[s]upervises and controls the employee's work schedule or conditions of employment to a substantial degree;" (3) "[d]etermines the employee's rate and method of payment;" and (4) "[m]aintains the employee's employment records.[1]" *Id.* The regulations specifically provide that "[s]atisfaction of the maintenance of employment records factor alone will not lead to a finding of joint employer status." *Id.* § 791.2(a)(2). The regulations also state that "[a]dditional factors may be relevant for determining joint employer status . . . , but only if they are indicia of whether the potential joint employer exercises significant control over the terms and conditions of the employee's work." *Id.* § 791.2(b). In determining joint employer status, no one factor is dispositive; rather, the determination depends "upon the circumstances of the whole activity," *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947), and must be made in light of the situation's "economic reality," *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961) (citations omitted).

---

[1] As provided in the regulations, "'employment records' means records, such as payroll records, that reflect, relate to, or otherwise record information pertaining to the hiring or firing, supervision and control of the work schedules or conditions of employment, or determining the rate and method of payment of the employee." 29 C.F.R. § 791.2(a)(2).

Although the Tenth Circuit has not adopted the factors set out above for determining joint employer status under the FLSA, it is appropriate to rely upon the factors listed in the federal regulations interpreting the FLSA for guidance.[2] The court finds further support for doing so in District of Utah cases and cases from other circuits that have done the same. *See Harris v. Universal Contracting, LLC*, No. 2:13-cv-00253, 2014 WL 2639363, at *6 (D. Utah June 12, 2014) (unpublished); *Zevallos v. Stamatakis*, No. 2:17-cv-00253, 2017 WL 6060623, at *3–6 (D. Utah Dec. 6, 2017) (unpublished); *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985); *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014); *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). Accordingly, the court will rely on these regulatory factors here.

## II.     G&A's Status as an FLSA "Employer" or "Joint Employer"

To succeed on an FLSA claim, a plaintiff must first establish the existence of an employer-employee relationship. *See Harris*, 2014 WL 2639363, at *2. Here, the parties do not dispute that Clyde is an "employee" within the meaning of the FLSA. The parties do, however, dispute whether G&A can be classified as an "employer" or a "joint employer" under the FLSA.

In its Motion for Summary Judgment, G&A first cites to My Buddy's answer to Clyde's complaint (ECF No. 14 ¶ 11), in which My Buddy admits to being Clyde's employer. G&A argues that it is not Clyde's "employer" for purposes of the FLSA. Second, G&A cites to the

---

[2] The Department of Labor regulations interpreting the FLSA are entitled to judicial deference, although they are not controlling. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 139–40 (1944); *see also Mitchell v. Greinetz*, 235 F.2d 621, 624–25 (10th Cir. 1956) ("An administrative regulation or interpretation of an act which is the Administrator's duty to administer does, of course, not make the law and will be set aside if clearly erroneous. But all the decisions admonish that such regulations and interpretations are entitled to great weight and should not lightly be set aside.").

aforementioned four joint employer factors, *see* 29 C.F.R. § 791.2(a)(1), and avers that it also cannot be Clyde's "joint employer" for the following reasons: (1) G&A did not have the power to hire or fire Clyde; (2) G&A did not supervise or control Clyde's work schedule or conditions of employment to any degree; (3) G&A did not determine the rate or method of Clyde's pay; and (4) the only employment records that G&A maintained for Clyde were his payroll records, which it did as part of its role as payroll processor for My Buddy.

  G&A also cites to the following additional joint employer factors that are considered by other circuits: (5) "[t]he degree of permanency and duration of the relationship between the putative joint employers;" (6) whether "one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer;" (7) "[w]hether the work is performed on a premises owned or controlled by one or more of the putative joint employers, independently or in connection with one another;" and (8) whether "the putative joint employers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 141–42 (4th Cir. 2017). Based upon these factors, G&A asserts that it is not a joint employer because its relationship with My Buddy is merely that of a service provider and client; it has only provided these services to My Buddy since 2016; it does not control, is not controlled by, and is not under common control with My Buddy; My Buddy provided Clyde with any tools and equipment that he used in the scope of his employment, and Clyde never visited G&A's premises or communicated with G&A directly; and G&A's sole role in its relationship with My Buddy is to process payroll.

In response, Clyde relies on three employment documents identifying G&A as his "co-employer" along with My Buddy. Clyde argues that these documents, which consist of an employment agreement, an employee handbook, and Clyde's W-2 forms, are sufficient to establish G&A as a joint employer under the FLSA. Clyde argues that G&A's working relationship with My Buddy went beyond merely processing payroll and that G&A was his joint employer under the FLSA.

The court is not persuaded by Clyde's response. Although G&A is listed as a "co-employer" on My Buddy's and Clyde's employment and tax documents, G&A explains that this reference was solely for the purpose of filing employment taxes and producing payroll documents for My Buddy. Clyde has failed to provide any viable evidence that would permit a rational jury to find that G&A's working relationship with My Buddy exceeded its limited payroll processing function.[3] Clyde asserts that G&A advises My Buddy on HR topics and training, including whether an employee should be classified as exempt or nonexempt. However, review of the deposition excerpt on which Clyde relies for that assertion (ECF No. 57-1 at 123–24) reveals that the relevant exchange refers to general services that G&A *may* provide—not to services that G&A *actually* provided to My Buddy. Indeed, there is absolutely no evidence that G&A provided anything beyond payroll services to My Buddy or Clyde. Similarly, while Clyde argues that My Buddy discussed Clyde's purported status as an exempt employee with G&A, a review of the relevant deposition excerpt (ECF No. 57-1 at 90–92) reveals that this "discussion" consisted merely of My

---

[3] Clyde also objects to G&A's alleged lack of compliance with one of his discovery requests. ECF No. 57 at 10. Clyde argues that the documents that G&A refused to produce "may provide additional evidence that G&A acted as Clyde's employer." *Id.* But Clyde offers no evidence in support of this speculation. To the extent that Clyde wishes to raise a discovery-related objection, it is not proper to do so in opposition to a motion for summary judgment. *See* DUCivR 37-1.

Buddy notifying G&A whether to classify Clyde as exempt or nonexempt for payroll processing purposes. The excerpt does not state that G&A was involved in determining Clyde's exempt versus nonexempt status; G&A merely received the designation from My Buddy, as determined by My Buddy.

In summary, there is no genuine dispute of material fact as to whether G&A is an employer or joint employer under the FLSA. Clyde has failed to dispute the following: G&A was not involved in My Buddy's hiring of Clyde; G&A did not control Clyde's work schedule or conditions of employment; G&A did not determine Clyde's rate and method of pay; G&A had no power to calculate or change Clyde's commissions; G&A and My Buddy do not have common ownership; and any tools or premises that Clyde used belonged to My Buddy, not G&A. Additionally, although G&A concedes that it maintains payroll documents, thereby satisfying the fourth factor mentioned above, satisfaction of this factor alone is not sufficient to give rise to joint employer status. 29 C.F.R. § 791.2(a)(2). Indeed, when pressed at oral argument, counsel for Clyde conceded that none of the other joint employer factors were satisfied with respect to G&A. Further, even considering the "co-employer" designation in the employment and tax documents as an additional factor for determining joint employer status, *id.* § 791.2(b), and construing the evidence in the light most favorable to Clyde, it is still abundantly clear that the majority of the aforementioned factors, when applied to the undisputed material facts, weigh against finding that G&A is a "joint employer" within the meaning of the FLSA. My Buddy's use of the term "co-employer" in reference to G&A was admittedly ill-advised. However, the misguided use of this term is not a sufficient basis on which to find that G&A is a joint employer under the FLSA. It is apparent to the court that G&A is nothing more than a payroll processor. Thus, the court finds that G&A is entitled to judgment as a matter of law.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that G&A's Motion for Summary Judgment (ECF No. 38) is GRANTED.

DATED March 1, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge