FILED
2021 SEP 2 AM 9:21
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATHEW CLYDE,<br><br>    Plaintiff,<br><br>v.<br><br>MY BUDDY THE PLUMBER HEATING AND AIR, LLC; G&A PARTNERS – UTAH, LLC; BRANDON DUNCAN; and DOES 1–10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER REJECTING REQUEST FOR CLARIFICATION THAT JUDGMENT DOES NOT ADJUDICATE ALL CLAIMS AND DENYING MOTION FOR LEAVE TO AMEND**<br><br>Case No. 2:19-cv-00756-JNP<br><br>District Judge Jill N. Parrish |

Before the court are two motions filed by Plaintiff Mathew Clyde ("Clyde"): a Motion for Clarification that Judgment Does Not Adjudicate All Claims and to Reopen Case (ECF No. 75) and a Rule 59 Motion to Alter or Amend Judgment and, in the Alternative, for Leave to Amend Complaint (ECF No. 81). Having carefully reviewed the parties' memoranda and the relevant law, the court rejects Clyde's request for clarification that the judgment does not adjudicate all claims and denies Clyde leave to amend his Complaint for the following reasons.

## BACKGROUND

On October 15, 2019, Clyde filed a Complaint against Defendants My Buddy the Plumber Heating and Air, LLC, G&A Partners – Utah, LLC, Brandon Duncan, and Does 1–10 (collectively, "Defendants"). ECF No. 2. In his Complaint, Clyde asserted a single cause of action for "Unpaid Wages – Violation of the Fair Labor Standards Act – 29 U.S.C. § 216" based on non-payment of overtime, minimum wage, and other wages for jobs he performed for Defendants but was not paid,

as well as withheld or diverted wages. Clyde asserted no other cause of action or legal basis for relief other than the Fair Labor Standards Act ("FLSA").

On August 28, 2020, Defendants My Buddy the Plumber Heating and Air, LLC and Brandon Duncan (collectively, the "My Buddy Defendants") filed a Motion for Summary Judgment—not a motion for *partial* summary judgment—pursuant to Federal Rule of Civil Procedure 56, expressly seeking dismissal of Clyde's Complaint with prejudice.[1] ECF No. 39. The My Buddy Defendants argued that Clyde was not entitled to receive overtime pay because he was an exempt employee under the retail/service establishment and outside sales exemptions. The My Buddy Defendants further argued that Clyde was paid more than minimum wage for all hours worked. Finally, if the court determined that summary judgment would not be appropriate based upon the foregoing exemptions, the My Buddy Defendants argued that Clyde's on-call hours were not hours worked under the FLSA.

On August 28, 2020, Clyde filed a Motion for Partial Summary Judgment, arguing that the outside sales exemption did not apply to him. ECF No. 45. On October 2, 2020, Clyde filed an opposition to the My Buddy Defendants' Motion for Summary Judgment. ECF No. 56. Clyde did not mention in either of these filings that the My Buddy Defendants' Motion for Summary Judgment failed to address all bases upon which he sought relief in his Complaint, nor did he raise

---

[1] Defendant G&A Partners – Utah, LLC ("G&A") also filed a Motion for Summary Judgment and Joinder to Defendants My Buddy the Plumber Heating and Air and Brandon Duncan's Motion for Summary Judgment on August 28, 2020. ECF No. 38. The court granted G&A's motion, finding that G&A was neither an "employer" nor a "joint employer" within the meaning of the FLSA and thus could not be held responsible for Clyde's alleged unpaid and withheld or diverted wages. ECF No. 73. In the motions currently before the court, Clyde does not make any arguments pertaining to G&A or G&A's Motion for Summary Judgment.

any arguments related to the Defendants' alleged failure to compensate him in accordance with their compensation agreement.

On February 26, 2021, the court held oral argument on the My Buddy Defendants' Motion for Summary Judgment and Clyde's Partial Motion for Summary Judgment. At the hearing, the My Buddy Defendants repeatedly stated that if the court found that either the retail/service establishment or outside sales exemption to the FLSA applied, then Clyde's claims should be dismissed. Clyde's counsel did not contest these statements at oral argument, nor did he state that the My Buddy Defendants' Motion for Summary Judgment failed to address all bases upon which he sought relief in his Complaint, or raise any arguments related to the Defendants' alleged failure to compensate him in accordance with their compensation agreement.

On March 1, 2021, the court issued a Memorandum Decision and Order granting the My Buddy Defendants' Motion for Summary Judgment and denying Clyde's Motion for Partial Summary Judgment (ECF No. 72)[2] and entered Judgment in favor of the Defendants and against Clyde (ECF No. 74).

On March 2, 2021, Clyde filed a Motion for Clarification that Judgment Does Not Adjudicate All Claims and to Reopen Case. ECF No. 75. Clyde argued that "[t]he My Buddy Defendants' Motion for Summary Judgment d[id] not seek judgment on the issue of unpaid wages for jobs [Clyde] completed but was not paid, as alleged in paragraphs 21, 22, 36, 37, and 38-42 of

---

[2] Concurrent with this Memorandum Decision and Order on the instant motions, the court has entered an Amended Memorandum Decision and Order granting the My Buddy Defendants' Motion for Summary Judgment and denying Clyde's Motion for Partial Summary Judgment. ECF No. 91. In the Amended Memorandum Decision and Order, the court added a brief section to address and ultimately dismiss Clyde's minimum wage claim under the FLSA. The court had previously only addressed that claim in a footnote.

3

the Complaint, totaling no less than $61,523.61." *Id.* at 3. Thus, Clyde argued, the court's Judgment "does not adjudicate all claims asserted in the Complaint and, therefore, does not end the action as to such claims." *Id.* at 2. Clyde accordingly requested that the case be reopened so that his "claim for unpaid wages may be fully adjudicated." *Id.* The same day, the court issued an order reopening the case and withdrawing the Judgment to provide the My Buddy Defendants an opportunity to respond to Clyde's motion. ECF No. 76.

On March 29, 2021, Clyde filed a Rule 59 Motion to Alter or Amend Judgment and, in the Alternative, for Leave to Amend Complaint. ECF No. 81. In his Rule 59 Motion, Clyde requested the court "to clarify that the Final Judgment does not adjudicate all claims," and alternatively sought "leave to amend his Complaint to more clearly set forth his claim for unpaid wages." *Id.* at 1–2. On April 19, 2021, Clyde filed a Notice of Withdrawal of Rule 59 Motion to Alter or Amend Judgment and, in the Alternative, for Leave to Amend Complaint, pending the court's ruling on his Motion for Clarification that Judgment Does Not Adjudicate All Claims and to Reopen Case. ECF No. 84. The court stated in a Docket Text Order that it would take Clyde's Notice of Withdrawal under advisement and ordered Clyde to complete his briefing on his Rule 59 Motion to Alter or Amend Judgment and, in the Alternative, for Leave to Amend Complaint. ECF No. 85. Clyde completed his briefing on April 30, 2021 (ECF No. 86), and on May 6, 2021, the My Buddy Defendants filed a surreply with leave of the court (ECF No. 89).

# ANALYSIS

I.  **Motion for Clarification that Judgment Does Not Adjudicate All Claims and to Reopen Case**

The court first considers Clyde's Motion for Clarification that Judgment Does Not Adjudicate All Claims and to Reopen Case. ECF No. 75. As an initial matter, the court notes that it has already reopened the case and withdrawn its Judgment. ECF No. 76.

The court rejects Clyde's request for clarification that the Judgment does not adjudicate all claims. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Clyde's Complaint asserts a single cause of action under the FLSA. The My Buddy Defendants argue that the Complaint fails to provide them with the requisite notice of a claim other than Clyde's FLSA claim, and the FLSA "does not contemplate damages or remedies for a plaintiff's allegation that he did not receive the correct amount of commission or that the defendants withheld or diverted wages." ECF No. 79 at 6. The My Buddy Defendants also underscore that Clyde previously failed to raise any arguments that his Complaint contained claims beyond the FLSA claim. In response, Clyde maintains that his Complaint provided sufficient notice of his claim based on "Defendants' failure to pay minimum wage and overtime, as well as Defendants' failure to properly compensate Clyde in accordance with the parties' compensation agreement." ECF No. 80 at 2. Clyde further argues that the My Buddy Defendants were aware through their conduct, communications, and discovery that Clyde was asserting a claim for unpaid wages pursuant to the parties' compensation agreement.

Clyde does not respond to the My Buddy Defendants' contention that his claim for unpaid wages pursuant to the parties' compensation agreement is not cognizable under the FLSA, which is the only cause of action asserted in his Complaint.[3] Moreover, although Clyde made references in his Complaint under his sole FLSA cause of action to wages that were unpaid pursuant to the parties' compensation agreement and to withheld or diverted wages, and although some discovery and communications related to these allegations, Clyde failed to raise any argument related to these allegations until after the court had entered summary judgment and Judgment in favor of the My Buddy Defendants. Clyde had ample opportunity to raise such arguments—in opposition to the My Buddy Defendants' Motion for Summary Judgment, in his own Partial Motion for Summary Judgment, and at oral argument on these motions. But Clyde did not do so. Clyde raised no arguments related to these allegations even though the My Buddy Defendants' Motion for Summary Judgment expressly sought dismissal of his Complaint with prejudice and was not styled as a partial motion for summary judgment, and even though counsel for the My Buddy Defendants repeatedly stated at oral argument that if the court found that one of the asserted FLSA exemptions applied, then Clyde's claims should be dismissed. The My Buddy Defendants did not have sufficient notice of any additional bases for Clyde's claims under the FLSA or under any other authority, and Clyde failed to raise this issue at any earlier juncture despite having multiple opportunities to do so.

Thus, the court rejects Clyde's request for clarification that the Judgment does not adjudicate all claims asserted in the Complaint. The court's Memorandum Decision and Order

---

[3] Clyde appears to concede this point, as his proposed amended complaint asserts an entirely new cause of action under the Utah Payment of Wages Act. ECF Nos. 86-3, 86-4.

granting the My Buddy Defendants' Motion for Summary Judgment and the Judgment adjudicate all claims.

## II.     Rule 59 Motion to Alter or Amend Judgment and, in the Alternative, for Leave to Amend Complaint

The court next considers Clyde's Rule 59 Motion to Alter or Amend Judgment and, in the Alternative, for Leave to Amend Complaint. ECF No. 81. Because the court has withdrawn its Judgment (ECF No. 76) and because Clyde withdrew his Rule 59 Motion (ECF No. 84), Clyde's motion to alter or amend the Judgment is not properly before the court and the court does not reach that issue. However, because the issue of whether Clyde should be granted leave to amend his complaint has been fully briefed by the parties, the court will resolve that issue here.

Pursuant to the Scheduling Order in this case, the last day to file a motion to amend pleadings was March 6, 2020. ECF No. 36. Clyde sought leave to amend his complaint "to more clearly set forth his claim for unpaid wages" (ECF No. 81 at 2) on March 29, 2021—more than one year after the Scheduling Order deadline. "A party seeking leave to amend after a scheduling order deadline must satisfy both the [Federal Rules of Civil Procedure] Rule 16(b) and Rule 15(a) standards." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).

Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "[T]his standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* "If the plaintiff knew of the underlying conduct but simply failed to raise [such] claims, however, the claims are barred." *Id.* The Tenth

7

Circuit has observed that the "good cause" standard for amending scheduling order deadlines is "arguably [a] more stringent standard than the standards for amending a pleading under Rule 15." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009).

Here, Clyde argues that good cause exists for granting him leave to amend his Complaint because he properly asserted a claim for unpaid wages under the FLSA based on Defendants' failure to pay him minimum wage and overtime and "failure to properly compensate Clyde in accordance with the parties' compensation agreement." ECF No. 81 at 5. Clyde further argues that the My Buddy Defendants did not seek summary judgment based on his claim for unpaid wages for jobs he completed. Clyde now seeks leave to amend so that this claim "may be heard on its merits." *Id.* But Clyde does not state that he has learned of any new information through discovery, assert that the underlying law has changed, or show that he could not meet the Scheduling Order deadlines despite his diligent efforts. To the contrary, in contending that he properly asserted a claim for unpaid wages for jobs he completed when he filed his Complaint seeking relief under the FLSA, and in arguing that Defendants had further notice of this claim through discovery, Clyde indicates that he knew of the information underlying this claim at the time at which he filed his Complaint and when the My Buddy Defendants filed their Motion for Summary Judgment. And yet Clyde never previously requested leave to amend his Complaint "to more clearly set forth his claim for unpaid wages." And Clyde failed to raise any arguments about this claim until after the court entered summary judgment and Judgment in favor of the My Buddy Defendants. Clyde failed to raise any arguments pertaining to this claim even though the My Buddy Defendants' Motion for Summary Judgment was stylized as a complete—rather than a partial—motion for summary judgment and plainly sought dismissal of Clyde's entire Complaint with prejudice. Clyde had the opportunity to raise such arguments at several junctures—in his own Partial Motion for Summary

Judgment, in his opposition to the My Buddy Defendants' Motion for Summary Judgment, and at oral argument on these motions—but failed to do so. Indeed, Clyde failed to contest the multiple statements from counsel for the My Buddy Defendants at oral argument that if the court found that either the retail/service establishment or outside sales exemption to the FLSA applied, then Clyde's claims should be dismissed.

The court finds no good cause for allowing Clyde to amend his Complaint "to more clearly set forth his claim for unpaid wages" long after the deadline to file a motion to amend pleadings has passed, after the parties have briefed and argued dispositive motions, and after the court has entered summary judgment and Judgment in favor of the My Buddy Defendants. Clyde appears to concede that his claim for unpaid wages is not properly stated in his operative Complaint under his sole FLSA cause of action, as his proposed amended complaint removes any reference to the FLSA and seeks to pursue an entirely new cause of action under the Utah Payment of Wages Act. ECF Nos. 86-3, 86-4. Further, this new cause of action is one under state law for which there is no independent basis for federal jurisdiction. Thus, the state law claim would only be allowed pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367. And since the court has dismissed Clyde's FLSA claim, which provided the basis for federal jurisdiction, the state law claim would also be subject to dismissal under § 1367(c)(3). Based upon the foregoing, the court does not find good cause for modifying the Scheduling Order under Rule 16(b).

"If [the movant] fail[s] to satisfy either factor—(1) good cause or (2) Rule 15(a)—the district court [does] not abuse its discretion in denying [his] motion for leave to amend." *Gorsuch*, 771 F.3d at 1241. "Thus, 'if [the movant] fail[s] to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether [the movant] [has] satisfied the requirements of Rule 15(a)." *Tesone*, 942 F.3d at 990 (citation omitted). Because the

court finds that Clyde failed to show good cause under Rule 16(b), it need not address whether Clyde has satisfied the requirements of Rule 15(a).[4]

In short, because Clyde has failed to show good cause for amending the Scheduling Order, his motion for leave to amend is denied.

## CONCLUSION

For the foregoing reasons, the court rejects Clyde's request for clarification that the judgment does not adjudicate all claims and denies Clyde leave to amend his Complaint.

DATED September 2, 2021.

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[4] If the court were to consider whether Clyde has satisfied the requirements of Rule 15(a), however, the court would deny Clyde leave to amend his Complaint under Rule 15(a) for reasons of undue delay, undue prejudice, and futility since the state law claim he seeks to add would be subject to dismissal for lack of jurisdiction under § 1367(c)(3).